# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 27th day of May, 2021.*

Present: Lemons, C.J., Goodwyn, Mims, Powell, Kelsey, and Chafin, JJ., and Russell, S.J.

Robert B. Machen, etc.,                                                          Appellant,

 against     Record No. 200695
             Circuit Court Nos. CL2019-11031 and CL2019-02656

David Harold Williams, et al.,                                              Appellees.

                             Upon an appeal from a judgment rendered by the Circuit Court of Fairfax County.

This appeal arises out of a suit to impeach a will. It presents a single question: whether the circuit court erred in denying a plea in bar. The essential facts are undisputed. Wilma R. Williams (the "decedent") died in Fairfax County on August 10, 2018, at the age of 93. She was a childless widow who had lived an "independent and private" life. She was survived by nieces and nephews, the children of her deceased siblings and other nieces and nephews by marriage who were children of the siblings of her late husband. Most of these relatives lived in Georgia, but the decedent maintained a close relationship with them and they were in frequent contact with her.

The decedent suffered a fall at home in 2015, after which her health declined. In early July 2018 she suffered a stroke, which required her to move to a rehabilitation center. She died there on August 10, 2018.

Robert B. Machen was a lawyer who had befriended the decedent and helped her in the past. He held her power of attorney. While visiting her at the rehabilitation center, he noticed an envelope among her incoming mail that appeared to be from an investment firm. He asked for her permission to open and examine it, which she granted. Reading it, he discovered that she owned an investment account valued at approximately $1.3 million. Surprised, he told her that she needed a will. She agreed.

Machen then drafted a will which bequeathed approximately $1.3 million to himself with his son (whom the decedent had never met) as contingent beneficiary. The will also provided for $10,000 bequests to be distributed to each of the decedent's nieces and nephews. The will contained a "no-contest" clause providing that any person who contested any part of the will would be disqualified from receiving any benefits from the decedent's estate.

On July 31, 2018, ten days before the decedent's death, Machen arrived at her room with three witnesses, all strangers to her, and gave her three copies of the will he had drafted for her signature. Her name is signed differently on each copy: "Wilma Williams," "Wilma W. Williams" and "Wilma Wilma Williams." Her name was Wilma R. Williams.

On August 17, 2018, Machen presented one of the copies for probate in the Clerk's office of the Circuit Court of Fairfax County and qualified as executor of the decedent's estate. He retained David Kellogg, an attorney and friend, as counsel. Kellogg sent letters to all the decedent's family members that her will contained bequests to them but warning them that the will contained a "no-contest" clause providing that they would get nothing from the estate if they contested the will or complained about its administration. Kellogg's letter also told the family members that he would expedite their payments if all of them signed and promptly returned a release form enclosed in his letter. All family members except David Williams, an appellee in the present appeal, signed and returned the release form.

David Williams and Nell Williams filed this suit in the circuit court to impeach the will on grounds of fraud, undue influence, lack of testamentary capacity and failure to meet statutory requirements. Machen filed a plea in bar asserting that David Williams lacked standing to sue and that Nell Williams' signature on the release form barred her claim. The court denied Machen's plea in bar before trial but held that Machen had raised an affirmative defense of accord and satisfaction with regard to Nell Williams' release, upon which the court reserved ruling pending trial. Machen filed a separate complaint against David Williams, seeking to admit either of the two additional copies of the executed will or, in the alternative, a fourth writing he claimed to be a holographic will.* By agreement, the two cases were consolidated for trial by the same jury.

After a four-day trial, the jury returned a verdict that none of the documents offered by Machen was the last will of Wilma Williams. The court entered final judgment on the verdict,

_____

* Later, at trial, Machen abandoned his effort to admit the holographic will by taking a nonsuit of that claim.

stating in a letter opinion that the "evidence was overwhelming that the July 31, 2018 documents had been procured by undue influence and fraud….[and] left the [c]ourt with the unshakeable conclusion the 2018 documents were not signed by Wilma Williams or if she had affixed her scribbled signatures that she lacked the testamentary capacity to understand the extent of her assets, the scope of her affections and the consequences of the documents presented to her." The court entered final orders holding Nell Williams' release invalid, denying Machen's defense of accord and satisfaction as to her, and holding that none of the documents presented by Machen was the last will and testament of Wilma Williams. Machen filed a petition for appeal, asserting eight assignments of error. We awarded him an appeal as to his first assignment, which asserted error in the circuit court's denial of his plea in bar, and refused the remaining assignments of error.

In support of his plea in bar, Machen argued that David Williams lacked standing to bring suit to impeach the will because he had no "pecuniary interest" in the controversy since, as the son of a brother of the decedent's late husband, he was her nephew only by marriage and thus not an heir at law. David Williams argued that the plain language of Code § 64.2-448(A) provides that "[a] person interested in the probate of [a] will…may file a complaint to impeach or establish [a] will…." He contended that he was a "person interested" because he was a named beneficiary in the will and entitled to a $10,000 bequest if it were admitted to probate.  He posited that he was thus a necessary party to any suit brought to establish or impeach the will, as Machen had impliedly recognized in Machen's counter-suit to establish the will.

We do not reach this issue because it is rendered moot by the standing of Nell Williams, the other complainant seeking to impeach the will. She was a child of the deceased brother of Wilma Williams and thus an heir at law. Code § 64.2-200. She was also a beneficiary named in the will. Machen makes no attack on her standing to sue but relies only upon his affirmative defense of accord and satisfaction based upon her signature on Kellogg's release form. The circuit court held that release to be invalid as a mere instrument of Machen's fraudulent scheme. That decision is now final. Rule 1:1. Accordingly, the suit to impeach the will remains pending, unaffected by any question regarding David Williams' standing to sue. *See, e.g.*, *W.S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377, 383 (1996) (where one named plaintiff in the circuit court lacked standing, but the other had standing, the "action remains viable based on the controversy existing" between the party with standing and the opposing party). Therefore, if the circuit court erred in

3

denying the plea in bar as to David Williams, any such error would be harmless and would not affect the outcome.

Accordingly, the judgment of the circuit court is affirmed.

This order shall be certified to the Circuit Court of Fairfax County and published in the Virginia Reports.

A Copy,

Teste:

Douglas B. Robelen, Clerk

By:

Deputy Clerk